WARNER, *q. t.* THE PEOPLE, *against* TOOKER.

In debt upon the 4th section of the act for the prevention of frauds. (1 *R. L.* 76,) whether the jury should find the value of the goods? *Quere.*

If they omit this, and find for the plaintiff generally, the verdict is not void; and a judgment thereon will not be set aside for irregularity.

If the defendant have any remedy, it is by writ of error.

If a verdict be irregular, the party should move to set it aside the next term after it is rendered.

DEBT upon the 4th section of the act for the prevention of frauds, (1 *R. L.* 76.) The declaration commenced by demanding $1000 of debt; and the 1st and 2d counts, respectively, stated the value of the goods at $325, and demanded that sum. The 3d count stated the value of the goods at $350, and demanded that sum; the sums in the three counts making $1000. Plea the general issue. Verdict for the plaintiff at the *Oneida* Circuit, *December 26th*, 1823. The verdict was sealed, and in these words: "In the above cause we find for the plaintiff." The Circuit Judge certified that the amount to be recovered was not contested on the trial; but the amount claimed by the plaintiff's counsel was $391,23, being the amount which the defendant confessed he gave for the property in question. Upon this verdict a judgment was perfected in *March*, 1824, for $391,23, with a *remittitur* of $608,77, of which the defendant's attorney was not informed till after last *May* term.

At the last *August* term, a motion was made to set aside the verdict for irregularity, because all the jury were not present when the verdict was delivered; but the Court were of opinion, that, admitting the verdict to be irregular for that reason, the motion came too late. The party should have moved at the next term after the verdict.

A motion was also made at the last *August* term to set aside the judgment, on the ground that it was entered upon a verdict void on its face.

*G. C. Bronson*, for the defendant, adverted to the statute (1 *R. L.* 76,) and insisted that one material part of the issue was upon the value of the goods; and the jury omitting to pass upon this, the verdict was a mere nullity; and the judgment, therefore, irregular. He cited to this point, *Bac. Ab. verdict*, (M) *pl.* 1. (Q) *pl.* 1. (Z) *pl.* 3. 3 *Salk.* 372, 374. *Brockway* v. *Kinney*, 2 *John. Rep.* 210. *Brown* v. *Smith*, 3

Caines' Rep. 81.   Bac. Abr. action qui tam (B). 2 Hawk. P.
C. 380, Dub. ed. 1 id. 480, s. 6. 484, s. 21.   Com. Dig.
Pleader, (S. 19, 20, 21.)

 The jury do not pronounce upon which count they give their verdict.

ALBANY,
October, 1824.

Reid
v.
Rensselaer
Glass Factory.

 *S. Beardsley*, contra.   The verdict was not void.   It was in the usual form, and would, in strictness, perhaps, have warranted an entry upon the *postea* of a finding for the whole sum claimed of $1000 ; but as it was doubtless the intention of the jury to find the amount proved, we have remitted all except this.   The verdict may be thus amended either by the Judge's minutes, or by a *remittitur*, as was done here. (2 *Archb. Pr.* 241, 242. 1 *Wils.* 33.)   Verdicts should be construed favorably, (*Burr.* 699, 700.   2 *Salk.* 664,) and, it appearing that no injustice has been done, is a reason against setting a verdict aside. (*Burr.* 1255-6.   *Dunl. Pr.* 679, *and cases there cited.*)

 *Curia.*   It is an answer to this application, that the verdict is not void, so as to make the judgment irregular. Without saying whether the verdict be voidable or not, we are clear that the defendant cannot try that question in this form.   The verdict appears upon the record, and the party must be put to his writ of error.

Motion denied.